# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**MARCUS J. LAWRENCE, SR.**                                                                                    **PLAINTIFF**
*aka LAW*

v.                                                         CIVIL ACTION NO. 1:22-CV-P136-JHM

**STEVE A. WILSON, et al.**                                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* prisoner Plaintiff Marcus J. Lawrence brought this lawsuit.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss Plaintiff's claims.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary, names as Defendants Warren County Circuit Judge Steve A. Wilson, Warren County, the Commonwealth of Kentucky, and the State of Kentucky.[2] The complaint centers on events leading up to and after Plaintiff's arrest and the video tapes of those events which Plaintiff insists would exonerate him. He asserts that he has been held "hostage, kidnapped, and trapped" since he was arrested on December 10, 2013. He alleges that his arrest occurred after an "illegal" traffic stop. According to Plaintiff, Defendants lied in claiming that after his arrest he had committed "punishable crimes directly in front of their recording cameras in their Warren County Regional Jail." He alleges:

---

[1] Plaintiff is well known to this Court. He has filed multiple cases here. Many contained baseless or frivolous filings in which he engaged in abusive, vexatious, and harassing conduct. In 2017, the Court ordered that he no longer be permitted to file a lawsuit without prepayment of the filing fee in this Court. *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *4 (W.D. Ky. Mar. 24, 2017). Plaintiff has paid the filing fee in this case.

[2] Because naming both the Commonwealth and the State of Kentucky is redundant, the Court will only refer to the Commonwealth of Kentucky.

> In nothing other than negligence, the Bowling Green Police officers, with the Warren County Regional Jail staff, to their benefit; managed to destroy, kill and terminate all of their video recordings in what [Defendant] Wilson thinks is OK, an accident in good faith. . . . This exculpatory material crime scene evidence destroyed on accident in good faith or destroyed on purpose is illegal[.]

(Cleaned up).

Plaintiff next asserts that this Court has a duty to order Defendants to "turn over the tapes of their crime scene, or be held in civil contempt." He also takes issue with testimony at his criminal trial and declares that the missing videos, in addition to exonerating him, "show the police torturing, assaulting, battering, strangling me, tasing me and using dangerous and violent excessive force against me until I was almost dead. Every Jail employee was White, and the 2 Bowling Green Police officers were white; and this was a racial crime because I was called a n*****."

As relief, Plaintiff requests a declaratory judgment that Defendant Wilson release him immediately from prison.[3] He also requests $300 million from Defendant Wilson for "loss of procedural due process rights" under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments; dismissal of criminal charges; restoration of voting and gun rights; and an injunction restraining Defendant Wilson from retaliation. He requests no relief from Defendants Warren County or the Commonwealth of Kentucky.

Among the attachments to the Complaint is a December 2013 jury verdict against Plaintiff on a number of charges, including trafficking and promoting contraband, in a criminal case presided over by Defendant Wilson.

---

[3] Plaintiff's challenges to the fact or duration of his confinement, such as to be released from custody and to have his charges dismissed, would have to be brought as a petition for habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a court must liberally construe *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff captions his Complaint: "Bill of Civil Complaint for Prospective Declaratory Judgment Relief; with a Prospective Preliminary Injunction against Steve A. Wilson et al. Pursuant to Titles 28 U.S.C. § 57, § 65, § 2201, § 2202 and Title 42 U.S.C. § 2000a-3 of the

Federal Codes of the United States." The Declaratory Judgment Act, 28 U.S.C. § 2201, § 2202, cited by Plaintiff, is not "an independent basis for federal subject matter jurisdiction." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (internal quotation marks and citation omitted); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Two possible independent bases for jurisdiction are presented in the Complaint: the Complaint's title refers to 42 U.S.C. § 2000a-3, which is part of Title II of the Civil Rights Act (CRA), also known as the Public Accommodations Act; and the request-for-relief portion of the Complaint asks for monetary damages against Defendant Wilson for violations of various constitutional amendments. Civil-rights suits for violations of the Constitution must be brought under 42 U.S.C. § 1983, and the Court, therefore, will also assess whether jurisdiction under § 1983 exists as well.[4]

Plaintiff also cites to 28 U.S.C. § 57 and § 65, which are Federal Rules of Civil Procedure 57 and 65. Rule 57 governs the procedure for obtaining a declaratory judgment under the Declaratory Judgment Act; Rule 65 governs injunctions and restraining orders. Rule 57, like the Declaratory Judgment Act, does "not extend the jurisdiction of the District Court to cases not otherwise within the competence of the Court." *Lake Lansing Special Assessment Protest Ass'n v. Ingham Cnty. Bd. of Comm'rs*, 488 F. Supp. 767, 770 (W.D. Mich. 1980). "Rule 65 [also] does not confer jurisdiction on federal courts. Instead, it restricts the power of the federal court to act in those cases in which it already has jurisdiction." *Id.* at 771.

---

[4] "[Section] 1983 provides the exclusive remedy for constitutional violations." *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014); *see also Smith v. Kentucky*, 36 F.4th 671, 674 (6th Cir. 2022); *Thomas v. Shipka*, 818 F.2d 496, 503 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

### A. The Public Accommodations Act

Title II of the CRA, *i.e.*, the Public Accommodations Act, "prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation." *Moses v. Am. Apparel Retail, Inc.*, No. 13-2753, 2014 WL 1093784, at *10 (W.D. Tenn. Mar. 19, 2014) (discussing 42 U.S.C. § 2000a). To state a claim under Title II, Plaintiff must show that he "(1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Hill v. Michigan*, No. 22-10631, 2022 WL 6184878, at *8 (E.D. Mich. Oct. 7, 2022) (internal quotation marks and citations omitted).

Plaintiff complains of events during and immediately after his arrest during a traffic stop and in the Warren County Regional Jail in 2013. Plaintiff does not allege wrongdoing within a public place covered by this statute. *See* 42 U.S.C. § 2000a(b)); *Moses*, 2014 WL 1093784, at *11 (explaining that to be a public place covered by § 2000a(b), "[b]asically, the establishment must be (1) a lodging place, or (2) a restaurant or facility engaged in selling food, or (3) a theater, arena, or other place of exhibition or entertainment, or (4) an establishment physically located within another covered establishment."); *see also Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *2 (6th Cir. Aug. 13, 1999) ("[T]he Public Accommodations Act . . . does not apply to prisons." (citing 42 U.S.C. § 2000a(b)). Consequently, the Court dismisses Plaintiff's claims under the Public Accommodations Act.

## B. Section 1983

The Complaint requests damages from Defendant Wilson for violations of Plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.[5] As explained above, these constitutional claims must be brought under § 1983.

Judges, like Defendant Wilson, "are generally absolutely immune from civil suits for money damages, including § 1983 suits." *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). A judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *Ireland*, 113 F.3d at 1440. Nothing in the Complaint suggests that Defendant Wilson was not acting in a judicial capacity or acting without jurisdiction. In fact, it is clear that Plaintiff's claims arise out of the state-court criminal prosecution against him over which Defendant Wilson presided. Accordingly, the Court dismisses these claims for seeking relief from a Defendant immune from such relief.

---

[5] Plaintiff has sued Defendant Wilson in four prior cases in this Court. *Lawrence v. Grise et al.*, 3:14-cv-740-JGH, *Lawrence v. McConnell et al.*, 1:15-cv-10-GNS; *Lawrence v. Brown et al.*, 1:15-cv-11-GNS; and *Lawrence v. Russell et al.*, 1:15-cv-12-GNS. The Court determines that the doctrine of *res judicata* does not bar this suit because application of that doctrine requires, among other things, a final judgment on the merits in a prior action. *See Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustmen*t, No. 3:20-CV-737-BJB, 2022 WL 3641604, at *2 (W.D. Ky. Aug. 23, 2022). None of the four cases Plaintiff brought against Defendant Wilson resulted in a final judgment on the merits. Two cases, *Lawrence v. McConnell* and *Lawrence v. Brown*, were dismissed for lack of subject-matter jurisdiction. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620-21 (6th Cir. 2005) (dismissal for lack of jurisdiction is not on the merits). The Court's dismissal of the other two cases without prejudice for failure to prosecute also are not final judgments on the merits. *See, e.g.*, *Chabad of Prospect, Inc*, 2022 WL 3641604, at *2.

### C. Declaratory Judgment Act

Because no independent basis for federal jurisdiction continues past initial review, the Court lacks jurisdiction to consider Plaintiff's claims for relief under the Declaratory Judgment Act. *See, e.g.*, *Heydon*, 327 F.3d at 470 ("[Plaintiff] cannot use the Declaratory Judgment Act to serve as a basis for federal subject matter jurisdiction.").

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: May 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4414.009